IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NASIR COE, Individually and on**                      **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.                        No. 5:19-cv-1155

**TXF LOGISTICS LLC and CRAIG MARCUM**           **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Nasir Coe ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants TXF Logistics LLC and Craig Marcum (collectively "Defendants"), and he does hereby state and allege as follows:

## I.    INTRODUCTION

1.    This is a collective action brought by Plaintiff Nasir Coe, both individually and on behalf of all hourly-paid equipment operators employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2.    Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA").

3.    This is also an action brought by Plaintiff against Defendants for breach of contract, unjust enrichment, and *quantum meruit*.

4.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within

the applicable statutory limitations period, as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

5.    Plaintiff seeks monetary damages, prejudgment interest, penalties and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to properly pay to Plaintiff his contracted weekly rate and expenses after Plaintiff made lawful demand upon Defendants for payment he is owed.

6.    Plaintiff seeks monetary damages, punitive damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendant's receipt of services performed by Plaintiff and money to which Plaintiff is entitled for which Defendants knowingly and maliciously provided no benefit or consideration in exchange, despite knowing that Plaintiff performed such services with the reasonable expectation of receiving compensation.

## II.    JURISDICTION AND VENUE

7.    The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

8.    Plaintiff's claims for breach of contract, unjust enrichment, and *quantum meruit* form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

9.    Therefore, this Court has supplemental jurisdiction over Plaintiff's breach of contract, unjust enrichment, and *quantum meruit* claims pursuant to 28 U.S.C. § 1367(a).

10.     Defendants conduct business within the State of Texas, with a location in Hobson.

11.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendants do business in Texas; therefore, the State of Texas has personal jurisdiction over Defendants.

12.     Plaintiff worked for Defendants as an equipment operator and safety supervisor for their trucking, logistics, and oil and gas services company located in the Texas. Therefore, the acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.     **THE PARTIES**

13.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

14.     Plaintiff Nasir Coe is a resident of Bexar County.

15.     Plaintiff worked for Defendants both as an employee and a contractor, at different times.

16.     Defendant TXF LOGISTICS LLC ("Defendant TXF"), is a foreign limited liability company, organized and conducting business under the laws of the State of Ohio, and may be served through its registered agent for service of process Registered Agents, Inc., 6545 Market Avenue North, Suite 100, North Canton, Ohio 44721.

17.     Defendant Craig Marcum ("Marcum") is an individual and resident of Ohio, and at all times relevant to this Complaint, is and has been an officer and owner, member, partner and/or shareholder of TXF Logistics LLC.

18.     TXF maintains its principal office at 13243 Canyon Lane, Pickerington, Ohio 43147.

19.     Marcum has at all times relevant hereto controlled the day-to-day operations of TXF Logistics LLC, such that he is liable to Plaintiff as an employer under the FLSA.

20.     Marcum established and maintained the wage and employment practices at issue.

21.     Marcum was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22.     TXF was at all times relevant hereto Plaintiff's employer and has been engaged in interstate commerce as that term is defined under the FLSA.

23.     Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

## IV.     FACTUAL ALLEGATIONS

24.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

25.     Plaintiff began working for Defendants on or about March of 2019, and continued until May 31, 2019, as an hourly-paid worker at Defendants' locations in Hobson and Corpus Christi.

26.     Plaintiff performed work for Defendants as an equipment operator and safety supervisor.

27.     Defendants classified Plaintiff as an independent contractor throughout the time that Plaintiff worked in Texas.

28.     Plaintiff's work in Texas followed the usual path of an employer-employee relationship; Defendants only treated him as an independent contractor for tax purposes and for Defendants' convenience.

29.     Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) per week.

30.     Defendants at all times relevant hereto knew that Plaintiff was acting as an employee, rather than as an independent contractor, and treated him as an employee.

31.     Plaintiff routinely used heavy equipment, trucks, and fuel. Thus, he used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

32.     Defendants knew, or showed reckless disregard for whether, the way they paid, and failed to pay, Plaintiff violated the FLSA.

33.     Plaintiff regularly and typically worked more than forty (40) hours per week while working for Defendants.

34.     At all times relevant hereto, Plaintiff had no investment in Defendants' business or operations, and Defendants provided Plaintiff with all supplies, equipment, and facilities necessary to perform his job.

35.     Defendants paid to Plaintiff and other hourly-paid workers an amount equal to their regular hourly rate for hours in excess of forty hours per week.

36.     Defendants did not pay Plaintiff and other hourly-paid equipment operators an overtime premium of one and one half times their regular hourly rates for overtime.

37.     Plaintiff's relationship with Defendants changed beginning June 1, 2019, when they hired him as a contractor to go to Montana and perform a specific job for them.

38.     Defendants provided a rental car for Plaintiff to drive to Montana and promised to pay for Plaintiff's expenses as they were incurred or in advance, including hotel rooms, fuel for rental car, fuel for heavy equipment at the job site, and per diem.

39.     Defendants approved Plaintiff hiring subcontractors to assist with the job in Montana.

40.     Defendants promised to pay to Plaintiff four thousand dollars ($4,000.00) per week for his and his subcontractors' labor in addition to reimbursing Plaintiff's job-related expenses.

41.     Defendants failed and have yet to pay Plaintiff the contracted rate of four thousand dollars ($4,000.00) per week for the Montana job.

42.     Defendants failed to pay and have yet to pay Plaintiff for job-related expenses for the Montana job, including fuel for rental car, hotel rooms, fuel for heavy equipment, and per diem, despite Plaintiff making lawful demand upon Defendants that they do so.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

43.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45.    Plaintiff and other hourly-paid equipment operators classified as independent contractors regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

46.    Defendants did not pay Plaintiff and other hourly-paid equipment operators classified as independent contractors one-and-one-half (1.5) times their regular rate of pay for all hours of work in excess of forty (40) in a single workweek.

47.    Defendants violated the FLSA by misclassifying Plaintiff and other hourly-paid equipment operators classified as independent contractors rather than employees entitled to overtime pay.

48.    Defendants' practice of misclassifying Plaintiff and other hourly-paid equipment operators classified as independent contractors occurred at all of Defendants' work locations.

49.    The pay practices that violate the FLSA alleged herein were the same at all of Defendants' U.S. locations because the policy was a centralized policy implemented uniformly from the corporate headquarters in Ohio.

50.    At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

51.    Plaintiff brings this FLSA claim on behalf of all other hourly-paid equipment operators classified as independent contractors employed by Defendants at any time within the three years preceding the filing of the Original Complaint, who were misclassified as independent contractors and not paid one-and-one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

52.     The proposed class is preliminarily defined as follows:

**All equipment operators classified as independent contractors
during the three years preceding the filing of the Original Complaint.**

53.     Plaintiff and the members of the proposed class are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including proper overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

54.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

55.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

56.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were paid hourly rates;

B.     They were subject to Defendants' common policy of classifying them as "independent contractors;"

C.     They were subject to Defendants' common practice of not paying workers a lawful overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per workweek.

57.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective, but believes that the group includes at least ten (10) persons.

58.     Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, email addresses, and cell phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and email addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

59.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

60.     29 U.S.C. § 207 requires employers to pay each employee one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

61.     Defendants misclassified Plaintiff as an independent contractor.

62.     Defendants treated Plaintiff as an employee in all respects except for pay.

63.     Defendants misclassified Plaintiff as exempt from the requirements of the FLSA.

64.     At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

65.     Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

66.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

67.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA for all violations that occurred within the three (3) years prior to the filing of this Complaint.

68.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

69.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

70.     Plaintiff brings this action on behalf of all other individuals who were subject to the same pay policy as Plaintiff while employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

71.     Plaintiff brings this action on behalf of himself and all other hourly-paid equipment operators classified as independent contractors, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

72.     Defendants misclassified Plaintiff and other hourly-paid equipment operators as independent contractors.

73.     29 U.S.C. § 207 requires employers to pay each employee one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

74.     In the past three years, Defendants have employed other equipment operators classified as independent contractors.

75.     Like Plaintiff, other equipment operators classified as independent contractors regularly worked more than forty (40) hours in a week.

76.     Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

77.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as follows:

**All equipment operators classified as
independent contractors within the past three years.**

78.     Defendants' conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

79.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

80.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CAUSE OF ACTION
### (Breach of Contract)

81.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

82.     Defendants offered and Plaintiff accepted a contract for a job to take place in Montana.

83.     Under the contract, Defendants agreed to compensate Plaintiff for work performed, pay a per diem rate for food, and reimburse business-related expenses.

84.     In reliance on the contract with Defendants, Plaintiff hired subcontractors to assist with the job, drove from Texas to Montana, began work on the job, and incurred expenses for the job.

85.     Defendants breached the contract when they failed to pay Plaintiff the contracted weekly rate and failed to reimburse his expenses.

86.     Plaintiff sustained damages as a result of Defendants' non-payment of the contracted rate and non-reimbursement of expenses.

## IX.   FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

87.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

88.     Plaintiff performed work for Defendants for which he was not paid, but Defendants benefited from such work.

89.     Texas law prohibits "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App.

1982) *quoting Fun Time Centers, Inc. v. Continental National Bank*, 517 S.W.2d 877, 884 (Tex. Civ. App. -- Tyler 1974, writ ref'd n.r.e.).

90.    It would be inequitable for Defendants to benefit from Plaintiff's work and completely fail to pay Plaintiff for such work.

## X.    FIFTH CAUSE OF ACTION
### (*Quantum Meruit*)

91.    Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

92.     "The right to recover in *quantum meruit* is based on a promise implied by law to pay for beneficial services rendered and knowingly accepted." *Allen v. Berrey*, 645 S.W.2d 550, 553 (Tex. App. 1982) *citing Davidson v. Clearman*, 391 S.W.2d 48 (Tex. 1965).

93.    Defendants requested that Plaintiff provide his services as an equipment operator and safety manager, in exchange for compensation.

94.    Plaintiff performed work for Defendants and Defendants benefited from his work, but Defendants have refused to pay Plaintiff for his work.

95.    It would be inequitable for Defendants to benefit from Plaintiff's work and completely fail to pay Plaintiff for such work.

96.    Plaintiff is entitled to the reasonable value of services he performed and expenses he incurred for Defendants for which Defendants have not yet paid.

## XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Nasir Coe, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.      That each Defendant be summoned to appear and answer this Complaint;

B.      That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.      A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act and their attendant and related regulations;

D.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.      Judgment for damages suffered by Plaintiff and the collective and class members for all unpaid overtime compensation under the Fair Labor Standards Act and its attendant and related regulations;

F.      Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective members pursuant to the Fair Labor Standards Act and their attendant and relating regulations;

G.      An order directing Defendants to pay Plaintiff and the collective members prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

H.      Judgment for damages equal to funds owed to Plaintiff for his Montana contracted job and expenses;

I.      Judgment for any and all civil penalties to which Plaintiffs may be entitled;

J.      Judgment for punitive damages to which Plaintiff is entitled;

K.      An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

L.      Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**NASIR COE, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com